1 Jeffery R. Krinsk, Esq. (109234)
jrk@classactionlaw.com
2 Mark L. Knutson, Esq. (131770)
mlk@classactionlaw.com
3 C. Michael Plavi, II, Esq. (217153)
cmp@classactionlaw.com
4 FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
5 San Diego, CA 92101-3593
Telephone: 619/238-1333

Attorneys for Class Plaintiff
Stanley Sawyer

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SAWYER, an individual, and d/b/a San Diego Carburetor and San Diego Fuel Injection,<br><br>Plaintiff,<br><br>v.<br><br>PIVOTAL PAYMENTS, INC.,<br><br>Defendant. | Civil Action No. **'13CV0802 MMA MDD**<br><br>COMPLAINT FOR:<br><br>Violation of Cal. Bus. & Prof. Code § 17200, *et seq.* |

COMES NOW Plaintiff Stanley Sawyer who, based on the investigation of his counsel and on information and belief, hereby complains against Defendant Pivotal Payment, Inc. ("Pivotal" or the "Company"), and files this class action Complaint for himself, and on behalf of all other similarly situated merchant residents and members of the general public of the State of California.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(d), the Class Action Fairness Act, because this suit is a class action, the parties are diverse, and the amount in controversy exceeds $5 million, excluding interest and costs.

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions establishing this claim occurred in this district, Plaintiff resides in this district, subscribed to Defendant's merchant credit/debit card interexchange-clearinghouse/settlement services in this district, these services were provided in this district, and Plaintiff was improperly charged and/or assessed Pivotal credit/debit card fees, rates and charges for these services in this district.

3. Defendant Pivotal conducts sufficient business in San Diego, California, and otherwise intentionally avail itself of the markets within this State through the advertisement, promotion, marketing, and sale of its credit/debit card interexchange-clearinghouse/settlement services to California merchants. Defendant's activities also constitute sufficient minimum contacts to render the exercise of jurisdiction over Pivotal by this Court permissible under traditional notions of fair play and substantial justice.

## THE PARTIES

4. Plaintiff Stanley Sawyer is an individual residing in San Diego County, California who, at all times relevant, has been conducting business under the dual fictitious names of San Diego Carburetor and San Diego Fuel Injection at 6622 University Avenue, San Diego, California, 92115. In connection with the operation of these businesses, Sawyer received payment for his services by

customers principally using Visa, MasterCard, Discover and American Express ("AMEX") credit and/or debit cards (hereinafter "Credit Cards"). Pursuant to a written agreement dated September 23, 2011, these Credit Card payments were processed by Defendant Pivotal, principally through its agent bank, Merrick Bank, with the charges, rates and fees alleged herein having been deducted from Plaintiff's Credit Card receivables for automotive repair services having been duly rendered to Plaintiff's customers.

5. Defendant Pivotal Payments, Inc., is a Delaware corporation headquartered in Melville, New York. In addition, and at all times material, Pivotal transacted business in San Diego, California either directly and/or through wholly-owned subsidiaries or affiliated entities. Pivotal has approved, ratified, controlled, directed and/or otherwise been legally responsible for all aspects of the wrongful acts and practices of Pivotal about which Plaintiff complains of herein.

## STATEMENT OF FACTS PERTAINING TO DEFENDANT'S DECEPTIVE, UNFAIR AND IMPROPER BUSINESS PRACTICES

6. This action is brought by Plaintiff, both individually and on behalf of other similarly situated California merchants and members of the general public, and alleges that Pivotal engaged in misleading and deceptive marketing and billing practices relating to Pivotal's Credit Card interexchange-clearinghouse/settlement practices that directly resulted in Plaintiff and other California merchants who used Pivotal's services to be assessed improper fees, rates and charges simply by accepting payment for their services through, *inter alia*, the customer's Visa, MasterCard, AMEX and Discover credit and debit cards.

7. For example, in October, 2012, alone, the amount of unauthorized and/or illegal fees, rates and charges assessed against Plaintiff for his customers' credit/debit card purchases was over $220.00 – and included such items as, *inter alia*, a "PCI Compliance Fee," a "PCI Non-Compliance Fee," "CPS" fees, a "Signature Preferred-Retail" fee, an "Intergrity (sic) Fee," "Merit" fees, "Authorization Fees," a "Batch Header Fee," an "Assessment" fee, and many other fees, rates and charges. None of these fees, rates or charges were disclosed in Pivotal's standard-form MERCHANT

APPLICATION AND AGREEMENT executed by Plaintiff Sawyer.

8. Rather, they were unilaterally assessed and deducted each month by Pivotal from Plaintiff's customer credit card payments, and thus represent monies that Plaintiff has been directly deprived of as a result of Defendant's violations of the UCL. Cal. Bus. & Prof. Code §§ 17200, *et seq.*

9. These charges were never disclosed in Defendant's marketing materials or contractual agreements with Plaintiff or other Class Members in connection with the selling and/or enrollment in Pivotal's credit/debit card interchange-clearinghouse and settlement services program. Instead, they were are only disclosed **after** the merchant has subscribed to Pivotal's Credit Card services, and then only through an innocuous notations on the merchant's monthly credit/debit interchange-card clearinghouse and settlement statement designed to obfuscate these fees, rates and charges.

## FACTS RELATING TO THE PLAINTIFF'S INDIVIDUAL AND CLASS CLAIMS

10. Indicative as typifying the above, within the applicable statute of limitations period, Plaintiff Sawyer subscribed to Pivotal's credit card clearinghouse/settlement services for purposes of his automotive service and repair businesses (San Diego Carburetor and San Diego Fuel Injection). When he subscribed to Defendant's credit card clearinghouse/settlement services, Pivotal represented in its standard-form MERCHANT APPLICATION AND AGREEMENT that Plaintiff would **only** be assessed a $10.00 monthly "service fee," and credit card transaction and/or authorization fees/rates/charges of .20% and .10%, respectively. Plaintiff Sawyer reviewed and relied upon these written representations in making his decision to subscribe to Pivotal's credit card clearinghouse/settlement services.

11. Thereafter, Pivotal began imposing a slew of monthly fees, rates and charges on Plaintiff that had not been previously disclosed in its standard-form contracts. These fees/rates/charges included, but were not limited to, Pivotal's "PCI Compliance Fee," its "PCI Non-Compliance Penalty" fee, its "Intergrity (sic) Fee," its "Pivotal One" charge and separate

"Authorization Fee," "AVS Fees," "Batch Header Fee" and "Assessment" rate charges, and the multiple tiers of "Merit" and "CPS" rates (and other fees and charges) routinely assessed against merchants on a monthly basis.

12. In so doing, Pivotal breached its contractual obligations by failing to provide adequate clear, plain and conspicuous notice of the applicable fees, rates and charges to California merchants subscribing to its credit card clearinghouse services. Pivotal has also violated the UCL by failing to provide adequate disclosure of these fees, rates and charges in its MERCHANT APPLICATION AND AGREEMENT contracts to Plaintiff and other members of the Class who have subscribed to Pivotal's credit card clearinghouse/settlement services.

13. This action accordingly seeks relief on behalf of Plaintiff and other similarly situated California-based merchants and, other members of the general public of this State (such as Defendant's competitors) and prays for relief from Pivotal's violations of law, unfair, deceptive, illegal and/or misleading business practices, including, *inter alia*:

(a) That Pivotal be enjoined from continuing with its unfair and unlawful business practices as the above misconduct typifies and including prohibiting Defendant's dissemination of deceptive and misleading advertising and marketing materials to its California-based credit/debit card merchants without properly disclosing Defendant's wrongful imposition of its PCI Compliance, PCI Non-Compliance Penalty and Pivotal One fees (or similar fees identified in ¶ 11, above);

(b) That restitution be prescribed, as appropriate, to make Pivotal's credit card merchant subscribers "whole" after being deprived of their money or property as a result of Defendant's improper and wrongful conduct;

(c) That Pivotal be required to disgorge its improper gain resulting from misconduct directed at Class members and enjoin Defendant from continuing, pursuing or recommencing these wrongful practices as described in this Complaint; and

(d) That Pivotal be required to pay Plaintiff and other injured Class members

restitution and such further or additional relief as may be directed by the Court.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of himself and all others similarly situated merchants based within of this State. The Class which Plaintiff seeks to represent is composed of:

> All California-based merchants who, within the applicable statute of limitations, subscribed to Pivotal Payment, Inc.'s credit and debit card clearinghouse and Settlement services, and were thereafter assessed fees, rates and/or charges for such services that were not disclosed in Pivotal's standard-form MERCHANT APPLICATION AND AGREEMENT (the "Class" or "Class Members"). Excluded from the Class, are all persons who have accepted or received any set-off, restitution or other consideration from Defendant in connection with the resolution of any of their claims relating to the Pivotal's imposition of such fees, rates and charges.

15. The Class is composed of thousands of California-based merchants who are geographically disbursed throughout this State and whose joinder in one action is impractical, and the disposition of their claims in a class action will provide substantial benefits to all. The Class is sufficiently numerous since the rights of each Class member that were violated in a similar fashion based upon Pivotal's deceptive, improper and misleading advertisements and billing practices. Since Pivotal orchestrated and controlled the wrongful acts, deceptive, improper conduct and scheme complained of herein, and billed those Class members who subscribed to its credit/debit card clearinghouse/settlement services, the names and addresses of the vast majority of Class members are easily obtainable from Defendant's records and therefore, the Class is manageable.

16. There is a well-defined community of interest amongst class members in that common questions of law and fact predominate over individual issues. Questions of law and fact common to the Class predominate over questions which may affect particular Class members include, *inter alia*, the following:

(a) Whether Defendant deceptively and improperly marketed and advertised its credit/debit card clearinghouse and settlement services because Pivotal routinely charged PCI Compliance, PCI Non-Compliance, Pivotal One fees, CPS and Merit fees, Authorization,

Assessment and Batch Header Fees (*etc.*, and/or similar fees, rates and charges) to its subscribers' accounts;

    (b)    Whether Defendant's belated attempt to "disclose" the existence and terms of the PCI Compliance, PCI Non-Compliance and/or Pivotal One fees after a customer has subscribed and initiated its credit/debit card clearinghouse and settlement services relationship with Pivotal through an inconspicious notation on the customer's account statement is reasonable and adequate;

    (c)    Whether the acts and practices of Pivotal in charging Plaintiff and other members of the Class the PCI Compliance, PCI Non-Compliance and/or Pivotal One fees (or similar fees, rate or charges, as partially identified in ¶ 11, above) was deceptive, fraudulent or otherwise violated, *inter alia*, California Business and Professions Code §§17200, *et seq.*, and §§17500, *et seq.*, and California common law and statutory laws; and,

    (d)    Whether Plaintiff Sawyer and other members of the Class have been deprived of money or property, and suffered irreparable harm as a result of Pivotal's misconduct and, if so, the extent of the nature of the equitable injunctive relief and restitutionary relief to which Plaintiff and the Class are entitled.

17.    Plaintiff is asserting claims typical of the claims of the entire Class and Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no interests antagonistic to those of other members of the Class he seeks to represent.

18.    Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

19.    Plaintiffs and members of the Class have suffered irreparable harm and have been derived of money or property as a result of Defendant's unlawful and wrongful conduct. Absent a class action, Defendant will likely retain substantial funds received as a result of its wrongdoing and such unlawful and improper conduct shall go unremedied, uncorrected and will likely continue.

Absent a class action, the Class members will not receive restitution and will continue to suffer losses which will allow these violations of law to continue without remedy and allow Defendant Pivotal to retain the proceeds of its ill-gotten gains from such unlawful and unfair business practices.

## COUNT ONE

### (Violation of California Business and Professions Code §17200, *et seq.* - Unlawful and Unfair Business Acts and Practices)

20. Plaintiff Sawyer hereby incorporates by reference the allegations contained in paragraphs 1 through 19, of this Complaint as though set forth at length herein.

21. Defendant's acts and practices as described herein constitute unlawful, deceptive, misleading and unfair business acts and practices, in that: (1) Defendant's business practices, as described herein, violated laws, regulations or statutory requirements; and/or (2) the justification for Defendant's conduct is outweighed by the gravity of the consequences to Plaintiff, other similarly situated members of the California merchant class; and/or (3) Defendant's conduct is oppressive, unscrupulous or substantially injurious to Plaintiff and other similarly situated subscribers of Pivotal's credit and debit card clearinghouse/settlement services; and/or (4) the uniform conduct of Pivotal, as well as its misrepresentation and the underlying wrongful, false and deceptive conduct alleged herein, violate California Business & Professions Code §§17200, *et seq.*

22. Defendant's illegal, unfair and fraudulent business acts and practices are described herein include, but are not limited to, misrepresenting the nature, type, kind and/or circumstances of Pivotal's credit/debit card clearinghouse and settlement services and the fees, rates and charges applicable to the same.

23. Pursuant to Business and Professions Code §§17203, Sawyer, on behalf of himself and other members of the Class and the general public, requests an order of this Court requiring that defendant Pivotal immediately cease all acts of unfair competition in California and be enjoined from continuing to conduct business in this State through business practices determined to be unlawful, unfair, misleading and/or deceptive in conjunction therewith, and further order defendant to provide

for complete restitution for all California consumers along with disgorgement of all improper revenue derived from Pivotal's wrongful conduct.

## PRAYER FOR RELIEF

1. An order certifying that the action may be maintained as a class action;

2. On behalf of all California consumers, Plaintiff request that a temporary, preliminary and/or permanent order issue providing for equitable and injunctive relief issue against Pivotal:

    (a) enjoining Pivotal from continuing or allowing continuation of the acts and practices complained of herein; and

    (b) enjoining the improper acts and business practices of defendant and requiring Pivotal to undertake and assume the cost of rescission and/or restitution to members of the affected public entitled to a return of money as a result of Defendant's misleading and deceptive advertisements and mass marketing materials regarding its fees, rates and charges for credit/debit clearinghouse and settlement transactions;

3. Plaintiff seeks an order requiring that defendant disgorge the full monetary benefit received as a result of any act or practice declared by this Court to be an unlawful, misleading, deceptive or unfair business act or practice;

4. Pre- and post-judgment interest; and

5. Reasonable costs, expenses and attorney's fees;

6. Plaintiff Sawyer also seeks such other and further relief as this Court may deem necessary or appropriate.

## JURY REQUEST

Plaintiff hereby requests a trial by jury to the full extent permitted by law.

Dated: April 3, 2013                              FINKELSTEIN & KRINSK LLP

_____
Mark L. Knutson

Jeffery R. Krinsk
C. Michael Plavi, II
501 West Broadway, Suite 1250
San Diego, CA 92101
Tel: 619/238-1333
Fax: 619/238-5425

Attorneys for Class Plaintiff
Stanley Sawyer

CLASS ACTION COMPLAINT                                                                PAGE 10

JS 44  (Rev 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS<br>Stanley Sawyer | DEFENDANTS<br>Pivotal Payments, Inc. |
|---|---|
| (b) County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>           THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Mark L. Knutson<br>Finkelstein & Krinsk, LLP<br>501 West Broadway, Ste. 1250, San Diego, CA 92101  (619) 238-1333 | Attorneys *(If Known)*<br>**'13CV0802 MMA MDD** |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question  *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant
☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
12:635

Brief description of cause:
Violation of Cal. Bus. & Prof. Code §17200, et seq.

## VII. REQUESTED IN COMPLAINT:

☒  CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
04/04/2013

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Mark L. Knutson/*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.