# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SAWYER d/b/a SAN DIEGO CARBURETOR & SAN DIEGO FUEL INJECTION,<br><br>Plaintiff,<br>v.<br><br>PIVOTAL PAYMENTS, INC.,<br><br>Defendant. | NO. 13-CV-802-MMA(MDD)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>[Doc. No. 10] |

Defendant Pivotal Payments, Inc., moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3). Defendant avers that a valid forum selection clause in the parties' contract precludes suit in this District. Defendant further avers that this clause's choice of law provision precludes Plaintiff from pursuing its sole claim under California Business and Professions Code section 17200. On July 1, 2013, the Court deemed this matter suitable for decision on the papers pursuant to Local Civil Rule 7.1. As explained below, the Court **GRANTS** Defendant's motion and **DISMISSES** the Complaint.

## I. BACKGROUND

On September 23, 2011, Plaintiff executed a Merchant Application and Agreement ("MAA") on behalf of San Diego Carburetor/SDFI. The three-page MAA was accompanied by a four-page Merchant Agreement: Terms and

Conditions. The Merchant Agreement incorporated the terms of the Merchant Agreement by reference, and Plaintiff's signature on the MAA confirmed that he had received, read, and understood the Merchant Agreement.

The last page of the MAA contains a provision that selects the law of Utah as the parties' choice of law and mandates that all actions "arising out of" the MAA and Merchant Agreement be maintained in Salt Lake County, Utah. Plaintiff's initials appear at the bottom of this page.

The Merchant Agreement also contains a provision that allows for the modification of its terms upon notice to Plaintiff and a 30-day period during which Plaintiff may object to the changed term. Accordingly, in late 2011, Plaintiff received a Merchant Statement that informed him of a change with respect to the Utah law and forum provision. The modification designated New York as the new law and forum. Plaintiff did not object to the modification within the 30-day objection period.

On April 4, 2013, Plaintiff filed a putative class action in this District, bringing a single claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. Defendant now moves to the dismiss the Complaint for improper venue.

## II. LEGAL STANDARD

A motion to dismiss based on a forum-selection clause is governed by Federal Rule of Civil Procedure 12(b)(3), which allows a case to be dismissed for improper venue. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). When considering a forum-selection clause under a Rule 12(b)(3) motion, while the Court need not accept pleadings as true and may consider facts outside the pleadings, the Court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *Id.*; *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137-38 (9th Cir. 2003). A district court shall dismiss or transfer a case "laying venue in the wrong division or district." *Rodriguez v. PepsiCo Long Term Disability Plan*, 716

F. Supp. 2d 855, 857 (N.D. Cal. 2010) (citing 28 U.S.C. § 1406(a)).

A forum-selection clause is presumptively enforceable unless Plaintiff can show that enforcement would be "'unreasonable' under the circumstances." *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1137 (9th Cir. 2005) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991) (finding forum-selection clauses to be binding even if the contract in question was not negotiated). Courts may find a forum-selection clause unreasonable and unenforceable if (1) its inclusion was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" the complaining party would "for all practical purposes be deprived of [his] day in court[;]" or (3) enforcement would contravene a strong public policy of the forum in which the suit is brought. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (quoting *M/S Bremen*, 407 U.S. at 12-13). Plaintiff has "the burden to show that trial in the contractual forum would be so gravely difficult and inconvenient that [he] will for all practical purposes be deprived of [his] day in court." *Hendricks*, 408 F.3d at 1137 (citations and internal quotations omitted).

### III. DISCUSSION

As an initial matter, the law is clear that the absence of Defendant's signature on the parties' contract does not render the contract invalid or unenforceable against either party when both parties proceed to perform. Cal. Civ. Code § 3388; *Becker v. HSA/Wexford Bancgroup, L.L.C.*, 157 F. Supp. 2d 1243, 1248-49 (D. Utah 2001); *Mury v. Allen*, 920 N.Y.S.2d 242 (N.Y. Sup. Ct. 2010); *see Mitchell v. Am. Fair Credit Assn.*, 122 Cal. Rptr. 2d 193, 196-97 (Cal. Ct. App. 2002); *Allen v. Nat'l Video, Inc.*, 610 F. Supp. 612, 631 (S.D.N.Y. 1985). Although it appears Defendant did not sign the MAA, both parties went on to perform the terms of the agreement.

Next, the Court finds that Plaintiff's allegations are governed by the MAA. Plaintiff's claims arise directly from the terms–or lack thereof–of the MAA.

1    Finally, the Court determines whether the original Utah forum selection and
2 choice of law clause is valid and enforceable. As stated above, the selection of the
3 Utah forum is presumed to be enforceable unless Plaintiff shows it is unreasonable.
4 Plaintiff has not met this burden. First, Plaintiff has not shown that the clause's
5 inclusion in the MAA was the result of fraud, undue influence, or overweening
6 bargaining power. The Utah forum selection clause was included as part of the
7 original MAA, which Plaintiff signed on September 23, 2011. By signing the MAA,
8 Plaintiff confirmed that he reviewed, read, and understood the terms of the Merchant
9 Agreement, which contained the Utah choice of forum and law in Section 5.14.
10 Moreover, the page of the MAA that includes Section 5.14 bears Plaintiff's initials.
11 Plaintiff cannot show that he lacked notice of this clause or that it was thrust upon
12 him.
13    Plaintiff also has not established that the Utah forum is so gravely difficult
14 and inconvenient that he would be denied his day in court. Although, Plaintiff
15 asserts that he will not be able to maintain this class action in another forum given
16 that his damages are less than $1,000, this argument is unpersuasive, as class actions
17 aggregate damages across a number of class members and are often litigated in fora
18 outside the named plaintiff's home state.
19    Plaintiff also has not identified a conflict of public interest that may exist
20 between the laws of California and the laws of Utah or New York.
21    Finally, Plaintiff's characterization of the MAA as unconscionable is
22 unavailing. Even if the Court were to find that the contract is procedurally
23 unconscionable as an adhesive contract, the contract is not substantively
24 unconscionable. Accordingly, the original designation of Utah's laws and forum is
25 enforceable.
26    Having determined that the Utah provision is enforceable, the Court need not
27 determine whether Defendant's subsequent modification of the MAA now compels
28 the application of New York law or litigation in New York. The modification very

| | |
|---|---|
| 1 | well may be valid, and New York may consequently be the correct forum for this |
| 2 | case.  However, for the Court's present purposes, the Court need only determine that |
| 3 | California law does not govern the parties' dispute and that this District is not the |
| 4 | proper venue.  The Court so finds.  Consequently, Plaintiff's sole claim for violation |
| 5 | of California's Unfair Competition Law should be dismissed pursuant to the parties' |
| 6 | agreed-upon choice of law.  *Cont'l Airlines, Inc. v. Mundo Travel Corp.*, 412 F. |
| 7 | Supp. 2d 1059, 1070 (E.D. Cal. 2006);  *Medimatch, Inc. v. Lucent Techs., Inc.*, 120 |
| 8 | F. Supp. 2d 842, 861-62 (N.D. Cal. 2000). |
| 9 | The Court need not definitively determine whether Utah or New York law |
| 10 | applies to determine that California law *does not* apply in light of the validity of the |
| 11 | original choice of law and forum selection clause.  While New York may be the |
| 12 | proper venue for this action, the Court will defer to another court to determine |
| 13 | whether venue is proper in its forum. |

### IV.  CONCLUSION

Defendant's motion is **GRANTED**.  The Complaint is **DISMISSED** without prejudice.  Because venue is not proper in this District, Plaintiff cannot allege facts the cure the deficiencies in his Complaint.  Accordingly, Plaintiff is denied leave to amend.  The Clerk of Court shall terminate the matter.

**IT IS SO ORDERED.**

DATED: July 11, 2013

*[signature]*

Hon. Michael M. Anello
United States District Judge